# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHITTIER BUCHANAN, | CASE NO. 1:06-cv-1532-LJO -DLB PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| W.W. WILLIAMS, et al., | |
| Defendants. | |

I.  Screening Order

    A.  Screening Requirement

Plaintiff is a state prisoner proceeding in forma pauperis and pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  The case was transferred to this court on November 31, 2007 and plaintiff was granted leave to proceed in forma pauperis on April 17, 2007.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

///

1    "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited
2 exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534
3 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a
4 short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R.
5 Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's
6 claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may
7 dismiss a complaint only if it is clear that no relief could be granted under any set of facts that
8 could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff
9 will ultimately prevail but whether the claimant is entitled to offer evidence to support the
10 claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and
11 unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting
12 Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171
13 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . .
14 .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal
15 pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490
16 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply
17 essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin.,
18 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir.
19 1982)).
20        B.    Plaintiff's Claims
21        Plaintiff is a state prisoner who was housed at the California Substance Abuse Treatment
22 Facility in Corcoran during the events at issue in this action. The defendants named in this action
23 are Warden Adams; Captain Hansen;  Lieutenants Ybarra and Baires; Sergeants Smith and
24 Stohls; and Officers Williams, McGuire, Young and Boozeman. Plaintiff is seeking money
25 damages.       Plaintiff alleges that on September 17, 2005 while in the day room, defendant
26 Williams called his name and motioned for him to come to him. Plaintiff alleges that when he
27 stepped toward his wheelchair, he suddenly felt himself stumbling forward to catch his balance.
28 Plaintiff alleges that when he turned around, he knew by the look on his face that defendant

1  Williams had pushed him.  Plaintiff alleges that despite having been the victim of the assault, as
2  a result of this incident, he was falsely charged with battery on a peace officer and issued a rules
3  violation.  Plaintiff was found guilty of a lesser charge and as a result, plaintiff lost his job and
4  spent 17 days in administrative segregation.

                1.     Due Process Claim

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted.)  "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "'A person 'subjects' another to the deprivation of a constitutional right, within the meaning of [§] 1983, if [that person] does an affirmative act, participates in another's affirmative acts or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 466 F.3d 676, 689 (9th Cir. 2006) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also be setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

The Due Process Clause protects against the deprivation of liberty without due process of law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to invoke the protection of the

Due Process Clause, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Wilkinson v. Austin, 125 S.Ct. 2384, 2393 (2005). The Due Process Clause itself does not confer on inmates a liberty interest in avoiding "more adverse conditions of confinement." Wilkinson, 125 S.Ct. at 2393; Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). Under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84 (1995). Liberty interests created by state law are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300 (1995); Myron v. Terhune, No. 04-15770, 2007 WL 400759, at *1 (9th Cir. Feb. 7, 2007).

Although plaintiff alleges a claim for denial of due process, apparently for the allegedly false rules violation and subsequent punishment, plaintiff has not alleged any facts supporting a claim that he was deprived of a protected liberty interest without due process of law. Plaintiff does not have a protected liberty interest in remaining free from administrative segregation, May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997), or in remaining at a particular prison, Sandin, 515 U.S. at 484; Meachum v. Fano, 427 U.S. 215, 224-25 (1976). Plaintiff also does not have a protected liberty interest in his vocational assignment. Sandin, 515 U.S. at 484; Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976); Rizzo v. Dawson, 778 F.2d 527, 530-31 (9th Cir. 1985). Therefore, plaintiff's claim fails as a matter of law.

### 2. Excessive Force

To the extent, plaintiff claims that defendant Williams used excessive force against him on September 17, 2005, he fails to state a cognizable claim.

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. (internal quotation marks and citations omitted). The malicious and sadistic use of force to cause harm always

violates contemporary standards of decency, regardless of whether or not significant injury is evident. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7. "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id. (internal quotation marks and citations omitted). "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id.

Although plaintiff alleges that defendant Williams "assaulted" him, the allegations in the complaint do not describe conduct amounting to excessive force under constitutional standards. It is not clear from the allegations whether the conduct by defendant Williams was even intentional. Plaintiff's complaint is devoid of any facts which would support a claim for relief under section 1983 for violation of the Eighth Amendment by defendant Williams.

### 3. Supervisory Defendants

Plaintiff has named several supervisory defendants in his complaint without linking them to any specific conduct. Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of respondeat superior. When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858,

862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"  Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff has not alleged any facts indicating that defendants Adams or Hansen personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black at 646.

C.   Conclusion

The court finds that plaintiff's complaint does not state any claims upon which relief may be granted under section 1983.  The court will provide plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the court in this order.

Plaintiff is informed he must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in

the case.

Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

    Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state any claims upon which relief may be granted under section 1983;
2. The Clerk's Office shall send plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, plaintiff shall file an amended complaint; and
4. If plaintiff fails to file an amended complaint in compliance with this order, the court will recommend that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:   **October 9, 2007**            /s/ **Dennis L. Beck**
                                                  UNITED STATES MAGISTRATE JUDGE